No. 81–2103. PENNCO, INC. v. NATIONAL LABOR RELATIONS BOARD. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN and JUSTICE REHNQUIST join, dissenting.

Section 8(a)(5) of the National Labor Relations Act, 61 Stat. 140, 29 U. S. C. § 158(a)(5), makes an employer's refusal to collectively bargain with the representative of its employees an unfair labor practice. A union certified as the exclusive representative of an employer's workers enjoys an irrebuttable presumption that it has the loyalty of the majority of an employer's workers, and is thus the legal representative of the employer's workers, for one year after certification. *Brooks* v. *NLRB*, 348 U. S. 96, 98–104 (1954). Upon the expiration of that period, the presumption becomes a rebuttable one, and an employer may then withdraw recogni-

tion of the union and refuse to bargain with the union if it has a doubt, "reasonably grounded" and "based on objective considerations," that the union no longer has the support of a majority of the employer's workers. See, *e. g.*, *Soule Glass & Glazing Co.* v. *NLRB*, 652 F. 2d 1055, 1110 (CA1 1981); *NLRB* v. *Windham Community Memorial Hospital*, 577 F. 2d 805, 811 (CA2 1978).

In this case, as in several others, the employer attempted to withdraw recognition from a union because the composition of the employer's work force had significantly changed as a result of the employer's hiring of permanent replacements for striking workers. In such cases, the National Labor Relations Board has consistently relied on a presumption that striker replacements support the union in the same ratio as those whom they have replaced. *E. g.*, *Windham Community Memorial Hospital*, 230 N. L. R. B. 1070 (1977).

Several Circuits appear to presume that striker replacements do not support the certified union, and refuse to enforce NLRB decisions grounded on the Board's contrary presumption. While these Circuits have to some extent pointed to specific facts of the cases before them in relying on a presumption antithetical to that of the Board, all three, the First, *Soule Glass & Glazing Co.* v. *NLRB*, *supra*, at 1110, the Fifth, *NLRB* v. *Randle-Eastern Ambulance Service, Inc.*, 584 F. 2d 720, 728 (1978), and the Eighth, *National Car Rental System, Inc.* v. *NLRB*, 594 F. 2d 1203, 1206 (1979), seem to rely heavily on the statement, made by one commentator, R. Gorman, Labor Law (1976), that "if a new hire agrees to serve as a replacement for a striker . . . , it is generally assumed that he does not support the union and that he ought not to be counted toward a union majority." *Id.*, at 112 (citing only *Titan Metal Manufacturing Co.*, 135 N. L. R. B. 196 (1962), a case that has neither been cited by the NLRB for the proposition Gorman states nor been expressly overruled).

The Second Circuit has also had occasion to review a decision in which the NLRB has relied on its presumption. *NLRB* v. *Windham Community Memorial Hospital, supra* (NLRB suit to enforce its order in *Windham Community Memorial Hospital, supra*). It avoided the question of the validity of the NLRB's presumption that replacement workers supported the certified union in the same ratio as did the strikers. It did, however, clearly reject the presumption that "no replacement employee supports the Union," describing it as "equally, if not more, assailable than the NLRB's [presumption]." 577 F. 2d, at 813. The Second Circuit ultimately decided that the employer's withdrawal of recognition was unjustified, not because the NLRB's presumption was valid, but because the employer did not present any evidence supporting a basis for its belief that the certified union no longer enjoyed the support of a majority of its workers.

The Sixth Circuit, in the decision below, rejected both the presumption that striker replacements do not support the union and the presumption that the striker replacements support the union in the same ratio that the strikers support the union. The Sixth Circuit held the employer's withdrawal of recognition unlawful because the employer simply did not establish any basis, aside from an invalid presumption, for believing that the certified union was not the choice of the majority.

The questions of whether presumptions can properly be used to determine whether a union has the support of striker replacements, and whether replacements should be presumed to oppose the certified union or favor the certified union, have produced conflict among the Courts of Appeals and between the Courts of Appeals and the agency charged with enforcing the National Labor Relations Act. The questions are of obvious significance to national labor policy. The need for a uniform approach to these questions is equally obvious. I would grant certiorari to resolve this controversy.